UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury H-18-1



| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:19cr22 VAB |
| v. | VIOLATIONS: |
| MARCOS MENDEZ, MIGUEL FREYTES, JORGE FREYTES, OMAR MENDEZ, EVANGELINE COLON, and ROBERTO MUNIZ | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(B)(ii) and 846 (Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine) |
| | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) (Possession with Intent to Distribute 500 Grams or More of Cocaine) |
| | 21 U.S.C. § 853 (Criminal Forfeiture, Drug Trafficking Offenses) |

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
(Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine)

1.  From approximately June 2016 through approximately January 2019, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants MARCOS MENDEZ, MIGUEL FREYTES, JORGE FREYTES, OMAR MENDEZ, EVANGELINE COLON and ROBERTO MUNIZ, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

2.  It was a part and an object of the conspiracy that the defendants MARCOS MENDEZ, MIGUEL FREYTES, JORGE FREYTES, OMAR MENDEZ, EVANGELINE COLON and ROBERTO MUNIZ, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute a controlled substance, namely cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

3. Defendants MARCOS MENDEZ, MIGUEL FREYTES, JORGE FREYTES and ROBERTO MUNIZ knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the readily foreseeable conduct of other members of that conspiracy that the conspiracy involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(A)(ii).

4. Defendants OMAR MENDEZ and EVANGELINE COLON knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the readily foreseeable conduct of other members of that conspiracy, that the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(B)(ii).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Possession with Intent to Distribute 500 Grams or More of Cocaine)

5. On or about January 9, 2019, in the District of Connecticut, the defendant MARCOS MENDEZ did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

## COUNT THREE
(Possession with Intent to Distribute 500 Grams or More of Cocaine)

6. On or about January 9, 2019, in the District of Connecticut, the defendant MIGUEL FREYTES did knowingly and intentionally possess with intent to distribute 500 grams or more of

a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

7. Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Three of this Indictment, the defendants MARCOS MENDEZ, MIGUEL FREYTES, JORGE FREYTES, OMAR MENDEZ, EVANGELINE COLON and ROBERTO MUNIZ shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including, without limitation, the following:

a. $146,712 in U.S. Currency that was seized from 76 Lillian Drive, Bristol, CT on or about January 9, 2019; and

b. $8,958 in U.S. Currency that was seized from 158 Maple Street, Bristol, CT on or about January 9, 2019.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES OF AMERICA

JOHN H. DURHAM
UNITED STATES ATTORNEY

GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY